**267 P.2d 757**

**SANTA CLARA SEEP DITCH CO.**

**v.**

**BOWLER et al.**

**No. 7921.**

Supreme Court of Utah.

March 8, 1954.

LeRoy H. Cox and David F. Anderson, St. George, for appellants.

Pickett & Pickett, St. George, for respondent.

HENRIOD, Justice.

Appeal from a judgment for plaintiff in a contest between two water companies as to the nature and extent of their decreed rights in the Santa Clara River, a tributary of the Virgin River. Reversed, with instructions to vacate the judgment, with costs to defendants.

A sketch is subjoined which simulates (but not to scale) the river and ditch systems involved:

Both companies were appropriators before the turn of the century. Their rights were officially recognized by decree in 1922. Each was adjudged a right to use a specified amount of water, the decree reciting, among other things, that the water *"shall be measured at or near the point where said* water is diverted as herein fixed * * * and the total flow * * * shall be determined *by measuring the quantity of water diverted at each point of 'diversion* * * *."* The decree further provided for pro rating in low water seasons. Plaintiff's decreed point of diversion is about 1¼ miles upstream from defendant's.

In 1925, in another adjudication, defendant obtained rights in an unspecified amount of water to be diverted from the Virgin River as *"a supplementary supply to right granted to said company from the Santa Clara River by decree * * *"* (supra).

The Virgin River meanders southwesterly and the Santa Clara southeasterly to their confluence. Plaintiff's diversion ditch runs easterly, irrigating lands north of the

Santa Clara and west of the Virgin. In 1921, defendant constructed a channel which carried the normal flow of the Santa Clara south of the old wide river bed. It also ran south of its former diversion ditch. In 1938 a diversion dam was built at defendant's diversion ditch which parallels the Virgin southwesterly. Defendant has another ditch north of the dam which parallels the Virgin, used to carry the 1925 decreed supplementary water. The land slopes southerly and seepage and return flow water naturally gravitates to the Virgin or the Santa Clara.

Plaintiff contended and the trial court held that seepage, return flow and the supplementary water from the Virgin River, which enter defendant's system downstream from defendant's original diversion point as decreed in 1922, should be charged against defendant's proportionate share of the 1922 decreed water rights when the Santa Clara flow was insufficient to satisfy the full decreed rights.

There seems to be no good reason why any water from any source which enters defendant's system below the diversion point designated in the decree should be charged against its Santa Clara rights, in the light of the clear and unequivocal language of the 1922 decree, which specifically fixed entitlement by measurement of the water at the designated diversion point,—not elsewhere. To conclude otherwise would render defendant's decreed rights of 1922 supplementary and subordinate to its rights awarded under the 1925 Virgin decree, which decree just as clearly and specifically made the 1925 rights supplementary to the 1922 Santa Clara rights.

There is nothing in the record indicating that defendant's users had more water than they beneficially used, nor that any water, whether from the Santa Clara, the Virgin, seepage or return flow, had been wasted or was surplus. For aught that the record discloses, defendant has used beneficially a proportionate share of the decreed Santa Clara water and also the seepage, return flow and Virgin River water for more than a quarter century.

There is nothing revealed in the record indicating that defendant, by shifting its diversion point downstream, interfered with someone else's rights to water between the old and the new diversion points, so that no question of charging a lower appropriator with seepage or return flow water between an upper and lower appropriator is present here.

Had defendant continued to use the original diversion point, it would be to ignore the simple language of the decree to the effect that measurement of the water should be made there, if defendant were required to go elsewhere downstream, to a site next immediate to the place of beneficial use for such measurement. Had the court intended that the water was to be measured elsewhere than at a point designated in the decree, it could have said so, or it could have expressly charged defendant with the seep-

age and return flow. Anticipatorily, however, it certainly could not have meant to include water from the Virgin River which was decreed three years after the 1922 decree which is the subject of construction here, and which the trial court, we believe, erroneously charged against defendant's 1922 decreed rights, along with the seepage and return flow waters downstream from defendant's 1922 point of diversion.

McDONOUGH and CROCKETT, JJ., concur.

WADE, Justice (concurring in part and dissenting in part).

Plaintiff's and defendant's water rights being of the same priority when there is not enough water flowing in the Santa Clara creek to satisfy the rights of both of them it must be prorated. Plaintiff's diversion place is about a mile up stream from defendant's old diversion place which is about 500 feet up stream from its present diversion place. The land between plaintiff's ditch and the creek is irrigated by water from plaintiff's ditch and a part of such irrigation water returns to the creek by seepage and direct flow. Defendant has a supplemental water right from the Virgin River which it diverts up stream from the confluence of that river with the Santa Clara creek into a ditch which runs nearly parallel with the river until it intersects the creek near defendant's present diversion place. There is also seepage and run off flow from plaintiff's irrigated lands into defendant's Virgin River ditch above where it intersects with the creek. Under the trial court's decree all of these waters will be prorated between plaintiff and defendant regardless of the fact that plaintiff has no interest in defendant's supplemental waters. I agree with the prevailing opinion that whenever defendant cannot obtain all of its decreed water right which it can beneficially use without prorating the Santa Clara creek water then those waters should be prorated between them. Defendant under such conditions is entitled to the use of all of its supplemental water both from the Virgin River and by seepage and direct flow from irrigated lands into its Virgin River ditch and into the Santa Clara creek below its old diversion place.

As the flow of the stream decreases and increases there will be times when the Santa Clara creek will not supply the needs of both parties within their decreed rights but all of defendant's needs within its decreed rights can be fully satisfied from the Santa Clara creek and its supplemental water and still there will be more water available for plaintiff than its prorata share of the Santa Clara creek stream. I think that defendant should be required to use all of its supplemental water, both from the Virgin River and the water which seeps or flows into that ditch from irrigated lands or into the Santa Clara creek below defendant's old diversion place before it can deprive plaintiff of water which it needs within its de-

creed rights. In other words, I do not think that defendant should be allowed to let its supplemental water go unused and still deprive plaintiff of some of the waters of Santa Clara creek which it needs to irrigate its land. Water is too precious in these western states to allow such a practice. To that extent I dissent from the prevailing opinion.

WOLFE, C. J., does not participate herein.